IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

DARRELL VANDERGRIFT,           )
                               )
            Plaintiff,         )
                               )
vs.                            )        Case No. 09-5058-CV-SW-ODS
                               )
GARY EMERSON, et al.,          )
                               )
            Defendants.        )

ORDER AND OPINION GRANTING IN PART AND DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

On December 23, 2011, the Court issued an Order that, among other things, held
Plaintiff was not entitled to more time to respond to Defendants' Motion for Summary
Judgment and deemed the motion to be fully briefed. The lack of a response from
Plaintiff does not mean the motion is to be automatically granted; the Court must still
conclude Defendants are entitled to judgment as a matter of law. The Court concludes
the motion (Doc. # 69) should be granted in part and denied in part.


I.  BACKGROUND


Plaintiff's suit alleges that when he attempted to file for reelection to the Miller
Benefit Special Road District in Lawrence County, Missouri in December 2005,
Defendant Gary Emerson, the Lawrence County Clerk, declined to certify him as a
candidate because he did not own land in the Road District. Plaintiff protested and
Emerson sought legal advice from Robert E. George, Lawrence County Prosecuting
Attorney, who advised Emerson that state law required a candidate own land in the
Road District. Plaintiff was not permitted to run for reelection in April 2006 or for
election in 2007 and 2008 because he did not own land in the Road District.

Plaintiff filed this case against Emerson, George, Lawrence County, and various
then-current and former County Commissioners, alleging they conspired to and actually
deprived Plaintiff of his right to equal protection of the law by infringing his liberty

interest in seeking public office in violation of his rights under First and Fourteenth Amendments. Specifically, Count I asserts a claim that Defendants violated 42 U.S.C. § 1983 and Count II asserts the Defendants conspired to violate § 1983. Defendants filed a Motion to Dismiss in December 2009, and the motion was granted to the extent it sought dismissal of the County Commissioners. Significantly, the Court declined to dismiss the claims against Emerson and George, disagreeing with their contention that they were entitled to qualified immunity.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## A. Qualified Immunity

Emerson and George re-assert their defense of qualified immunity. In fact, they do not really vary from the arguments presented in their December 2009 motion – except to argue that the Court's decision in April 2010 was wrong. In this regard, the

2

present motion should be regarded as a motion to reconsider, not a motion for summary judgment.[1]

The arguments presented now are rejected for the same reasons they were rejected in April 2010. In particular, the Court rejects Emerson's intimation that he is entitled to summary judgment because his duties require him to blindly execute state law and do not require him to consider, much less obey, the United States Constitution. For the same reasons, the Court also rejects George's suggestion that he is entitled to qualified immunity because his advice to Emerson correctly interpreted state law.

### B. Damages

Defendants next present arguments suggesting Plaintiff is entitled to nothing more than nominal damages.

#### 1. Actual Damages & Violations of Discovery Orders

On August 12, 2011, following a telephone conference with the parties, the Court issued an Order that, *inter alia*, directed Plaintiff "to execute IRS Form 4506 (Request for Copy of Tax Returns) and deliver the executed form to Defendants' counsel . . . . Failure to do so may result in the imposition of sanctions, including (possibly) the striking of Plaintiff's claim for damages or the dismissal of his suit." Defendants report that they then delivered to Plaintiff a Form 4506 for his signature that authorized the release of Plaintiff's tax records for 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010. However, when Plaintiff signed the authorization, he also placed a large "X" through 2003, 2004, and 2005. Defendants did not notice this alteration until the IRS

---

[1]Defendants' approach is rather curious, given that Emerson and George could have actually appealed the April 2010 Order. It may be that they hope that by raising the arguments again they can somehow "revive" their lost opportunity to pursue an interlocutory appeal and thereby delay the trial. The Court sincerely hopes they are not engaging in gamesmanship – particularly after their repeated and vociferous opposition to Plaintiff's delays and recalcitrance.

3

released Plaintiff's tax records and they discovered all that had been supplied (and requested, in light of Plaintiff's alteration) was the tax records for 2006 through 2010.

While presented in Defendants' Motion for Summary Judgment, this issue is more properly analyzed as a discovery sanction. Plaintiff seeks damages for lost income allegedly attributable to his inability to run for re-election in 2006. Calculating damages obviously requires comparing Plaintiff's income before 2006 (when he was on the Road District) to his income after 2006 (when he was not). Plaintiff failed to supply Defendant with evidence relevant to his pre-2006 income. He failed to supply this information even though he was ordered to do so, and after he was told that failure might result in sanction. Because he has failed to disclose information to Defendants bearing on his pre-2006 income, it is fair and appropriate to prohibit Plaintiff from presenting evidence on this subject.

This sanction has additional logical consequences; namely, it justifies entering summary judgment on the issue of damages. If Plaintiff is precluded from offering evidence of his pre-2006 income, then the jury will have no basis for determining whether and to what extent Defendants' actions caused him to lose income. There being no basis for awarding damages, there is no purpose in asking the jury to consider this issue. Thus, the logical consequence of this sanction is that Defendant is entitled to judgment as a matter of law on Plaintiff's claim for damages. Plaintiff may recover nominal damages but not actual damages.

### 2. Punitive Damages

Defendants also seek summary judgment on Plaintiff's request for punitive damages. They first first focus on the claims against George and Emerson in their individual capacities, suggesting the evidence is insufficient to support punitive damages. The Court shares Defendants' concern, and observes the evidence supporting punitive damages is rather thin. Nonetheless, the Court prefers to hear the evidence introduced at trial before making a final decision. If the Court is not convinced that a submissible case has been made, then the issue will not be submitted to the jury.

4

Plaintiff will be permitted to mention the possibility of punitive damages in his opening statement but does so at his peril with the knowledge that the Court may ultimately decide not to submit the issue to the jury.

Defendants next argue punitive damages are not available with respect to Plaintiff's claims against Lawrence County.  Defendants are correct on this point: municipalities are not liable for punitive damages under 42 U.S.C. § 1983.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Fields v. City of Omaha, 810 F.2d 830, 835 n.3 (8th Cir. 1987) (citing Fact Concerts).  Furthermore, a suit against Emerson and George in their official capacities is deemed to be a suit against Lawrence County, e.g., Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006), so Plaintiff's effort to recover punitive damages against Emerson and George in their official capacities is also barred by Fact Concerts.

## C.  George's Liability

George argues there are insufficient facts to support a claim against him.  Having reviewed the record in the light most favorable to Plaintiff (which is required, notwithstanding Plaintiff's failure to respond to the Motion for Summary Judgment), the Court concludes there are disputed issues of material fact that preclude entry of judgment as a matter of law in George's favor.

## D.  Conspiracy

Initially, the Court notes Plaintiff's conspiracy claim is somewhat puzzling.  Count II does not allege a conspiracy to violate civil rights in violation of 42 U.S.C. § 1985(3); instead, Count II alleges Defendants conspired to violate section 1983 as previously described in Count I.  Count II does not add anything to this suit that is not already encapsulated by Count I.

In any event, Defendants have proffered undisputed facts demonstrating that George and Emerson did not agree, work in concert, or otherwise conspire to deprive

5

Plaintiff of his right to run for office. Many of these facts are established by virtue of Plaintiff's failure to respond to Defendants' motion. See Fed. R. Civ. P. 56(c)(1); Local Rule 56.1(a), ¶ 2. Defendants are entitled to summary judgment on Count II.

### III.  CONCLUSION

Defendants' Motion for Summary Judgment raised some additional issues. Defendants' request that the Court reconsider the April 2010 ruling rejecting their claim of qualified immunity is denied. The Court also concludes Plaintiff's failure to respond to discovery about his income requires that he be precluded from offering evidence on those issues.

With respect to the relief sought under Rule 56, the Court grants Defendants summary judgment with respect to (1) Count II in its entirety, (2) Plaintiff's request for punitive damages against Lawrence County and against Emerson and George in their official (but not individual) capacities, and (3) Plaintiff's request for actual damages. The request for summary judgment is denied in all other respects.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 4, 2012                  UNITED STATES DISTRICT COURT


6